**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-01230-CMA-SKC

JULIE E REED,

      Plaintiff,

v.

KEYPOINT GOVERNMENT SOLUTIONS,

      Defendant.

---

**ORDER AFFIRMING AND ADOPTING JUNE 16, 2020
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

      This matter is before the Court on the June 16, 2020 Recommendation (Doc. # 34) by United States Magistrate Judge S. Kato Crews, wherein he recommends that this Court grant Defendant KeyPoint Government Solutions, Inc.'s Motion to Dismiss (Doc. # 27). Plaintiff Julie Reed filed an Objection (Doc. # 35) on June 30, 2020, and Defendant filed a Response (Doc. # 36) on July 14, 2020. For the following reasons, the Court affirms and adopts the Recommendation.

### I.     BACKGROUND

      Judge Crews' Recommendation provides an extensive recitation of the factual and procedural background of this case. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Accordingly, the

Court will reiterate the factual background only to the extent necessary to address Plaintiff's objections.

Plaintiff was formerly employed as a Senior Quality Control Analyst with Defendant, which "is a leading contractor with the United States Office of Personnel Management" ("OPM"). (Doc. # 25 at 2.) During the course of her employment, Plaintiff alleges that she discovered and reported various fraudulent acts that were attributable to Defendant. *See generally* (*id.*). Defendant terminated Plaintiff's employment in October 2013. Plaintiff asserts that Defendant violated the National Defense Authorization Act ("NDAA"), 41 U.S.C. § 4712, because it terminated her in retaliation for her reports of fraudulent activity.

On **September 2, 2016**, Plaintiff filed a complaint with OPM's Office of the Inspector General ("Inspector General") regarding Defendant's allegedly wrongful conduct. (*Id.* at 24.) After conducting an investigative review, the Inspector General issued a "formal declination letter" on **April 28, 2017**. (*Id.*) Plaintiff subsequently initiated the instant case on **April 26, 2019**. (Doc. # 1.) In its Motion to Dismiss, Defendant argues, *inter alia*, that Plaintiff's claims are time-barred pursuant to the NDAA. (Doc. # 27 at 2.)

## II.     STANDARD OF REVIEW

### A.     REVIEW OF A RECOMMENDATION

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommended] disposition that has been

properly objected to." An objection is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### B.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The *Iqbal* evaluation requires two prongs of analysis. First,

the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id.* at 679–81. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.   ANALYSIS

With respect to exhaustion of administrative remedies, the NDAA provides as follows:

> If the head of an executive agency issues an order denying relief under paragraph (1) **or** has not issued an order within 210 days after the submission of a complaint . . ., the complainant shall be deemed to have exhausted all administrative remedies with respect to the complaint, and the complainant may bring a de novo action . . . . An action under this paragraph **may not be brought more than two years after the date on which remedies are deemed to have been exhausted**.

4

41 U.S.C. § 4712(c)(2) (emphasis added).

Judge Crews determined that because Plaintiff "had not received an order from the agency head by March 31, 2017—210 days after she submitted her administrative complaint . . ., under the plain language of the statute, her administrative remedies were deemed exhausted on that date." (Doc. # 34 at 6.) As a result, Judge Crews concluded that Plaintiff's claims are time-barred because she initiated this case more than two years after her administrative remedies were exhausted. (*Id.* at 6–7.) In her Objection, Plaintiff argues that the NDAA "permitted, but did not require, [her] to bring an action in district court after 210 days" passed from the date on which she submitted her complaint to the Inspector General. (Doc. # 35 at 3) (citation omitted). The Court agrees with Judge Crews.

"When considering questions of statutory interpretation, [courts] first look to the plain language of the statute." *WildEarth Guardians v. United States Army Corps of Engineers*, 947 F.3d 635, 639 (10th Cir. 2020). With respect to the statute at issue, the Court need not look any further.

Pursuant to the NDAA, "the complainant **shall** be deemed to have exhausted all administrative remedies" if (1) "the head of an executive agency issues an order denying relief . . . **or**" (2) the head of the agency "has not issued an order within 210 days after the submission of a complaint . . . ." § 4712(c)(2) (emphasis added). Accordingly, administrative claims are exhausted once the agency issues a denial or 210 days pass from the date on which the complaint was submitted. As Judge Crews accurately observed, "it is clear that the 210-day provision represents the **outside time**

**limit** for an agency to consider and respond to an administrative complaint." (Doc. # 34 at 6) (emphasis added).

"Plaintiff argues the disjunctive word 'or' permits a re-set of a complainant's two-year clock for filing a federal court action." (Doc. # 35 at 4.) In other words, Plaintiff suggests that a claim is exhausted once 210 days pass from the date on which the complaint was submitted or once the agency issues a denial, whenever that happens to be. In effect, Plaintiff inverts the order of the alternatives set forth in § 4712(c)(2).

However, the statute indicates that the first alternative for the exhaustion date is the date on which the agency issues the denial; the second alternative is 210 days after the complaint is submitted. As a consequence, the second alternative conditions the first—i.e., if a denial has not been issued on day 210, then the claim is exhausted. Under Plaintiff's interpretation, by contrast, a claim could be exhausted twice—once on day 210 and then a second time when the agency issues a denial—and a plaintiff could resurrect an otherwise time-barred claim if the agency happened to issue a denial more than 210 days after the complaint is submitted. If Congress had intended to create reset button on the exhaustion clock, it would have said so. Moreover, as Judge Crews points out, Plaintiff's interpretation "would render the 210-day provision meaningless." (Doc. # 34 at 6.)

Plaintiff filed her complaint with the Inspector General on September 2, 2016. On March 31, 2017, 210 days had passed, and the Inspector General had not issued a denial. Therefore, Plaintiff exhausted her administrative remedies on that date.

However, she did not initiate this case within two years, as required by § 4712(c)(2). As a result, Plaintiff's claims are time-barred.

## IV.     CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Judge Crews' Recommendation (Doc. # 34) is AFFIRMED AND ADOPTED as an Order of this Court;
- Defendant's Motion to Dismiss (Doc. # 27) is GRANTED; and
- Plaintiff's Second Amended Complaint (Doc. # 25) is DISMISSED WITH PREJUDICE because any amendment would be futile.

DATED: July 22, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge